UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

FILED BY _____ D.C.

08 SEP 30 AM 8: 53

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

**Case Number: 08-61439-CIV-MARTINEZ-BROWN**

WHITEHALL CONDOMINIUM OF PINE
ISLAND RIDGE II ASSOCIATION, INC.,

       Plaintiff,

vs.

ERIK W. BLAIR, and MICHELLE
MARRONE,

       Defendants.

_____/

## SUMMARY REMAND ORDER

THIS CAUSE came before the Court upon a *sua sponte* review of the file.  Defendant

Michelle Marrone has removed this action from the Circuit Court of the Seventeenth Judicial

Circuit in and for Broward County, Florida.  *See* (D.E. No. 1).  Defendant Erik Blair has joined in

the removal of this action.  *See* (D.E. No. 2). Because Defendants have failed to establish this

Court's subject matter jurisdiction, this case must be remanded to state court.

Federal courts are courts of limited jurisdiction and "it is well settled that a federal court

is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."

*Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F. 3d 405, 410 (11th Cir. 1999).  In the Petition for

Removal, Defendant Marrone argues that removal is justified pursuant to 28 U.S.C. § 1441(b)

because Defendants' affirmative defenses and counterclaims involve federal questions.[1]

---

[1] More specifically, Defendants' affirmative defenses and counterclaims allege violations of the Federal
Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, and violations of the Americans with Disabilities Act, 42 U.S.C. §
12101, *et seq. See* (D.E. No. 1, Exh. B).

However, Defendant's reliance on section 1441(b) is misplaced. "[F]ederal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, generally, removal cannot be based on an affirmative defense or a counterclaim. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for 'arising under' jurisdiction."); *Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense. . . .").

There is one exception to the well-pleaded complaint rule. A federal defense may provide federal question jurisdiction in cases of complete preemption. *Jones v. LMR Intern, Inc.*, 457 F.3d 1174, 1178 (11th Cir. 2003). "Complete preemption occurs when a federal statute both preempts state substantive law and 'provides the exclusive cause of action for the claims asserted.'" *Dial v. Healthspring of Alabama, Inc.*, --- F.3d ---, Case No. 07-15529, 2008 WL 3896741, at *2 (11th Cir. Aug. 26, 2008) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)). Here, Defendants have not shown that their federal claims fit within the complete preemption exception to the well-pleaded complaint rule. Thus, as Plaintiff's Amended Complaint does not raise a federal question, removal is improper pursuant to 28 U.S.C. § 1441(b). In light of the foregoing, it is hereby:

**ORDERED AND ADJUDGED** that

1.      This case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

2.   The Clerk of the Court is directed to **DENY** all pending motions as **MOOT** and to **TRANSFER** this case back to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.  This case is **CLOSED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 26 day of September, 2008.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record
Clerk of the Court, 17th Judicial Circuit in and for Broward County, Florida

Case 0:08-cv-61439-JEM   Document 6   Entered on FLSD Docket 10/02/2008   Page 4 of 28

Case 0:08-cv-61439-JEM    Document 1    Entered on FLSD Docket 09/11/2008   Page 1 of 23   D.C.

FILED by ___ ___
ELECTRONIC

**SEPT. 10, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: **08-CV-61439-Martinez-Brown**
_____

WHITEHALL CONDOMINIUM OF PINE
ISLAND RIDGE II ASSOCIATION, INC.,

      Plaintiff,

v.

ERIK W. BLAIR, and MICHELLE
MARRONE,

      Defendants.

_____/

## PETION FOR REMOVAL TO FEDERAL COURT

TO THE CLERK OF THE ABOVE-ENTITLED COURT
AND ALL JUDGES OF THE ABOVE-ENTITLED COURT:

      The defendant, Michelle Marrone ("Ms. Marrone"), by and through undersigned counsel,

files this petition for removal, and states:

      1.    On August 15, 2008, Ms. Marrone was joined as a defendants in this action by

virtue of an amended complaint filed in the 17th Judicial Circuit of Florida, in and for Broward

County, Florida.   The style of the case is Whitehall Condominium, etc. v. Erik Blair and

Michelle Marrone, Case Number 08-018517 (17th Cir. Ct. Fla., Broward Cty., J. A. Gardiner).

A copy of the amended complaint is attached as **Exhibit A.**

      2.    Ms. Marrone has not yet received a summons, but undersigned counsel has

entered an appearance on behalf of Ms. Marrone, and filed an answer, affirmative defendants and

a counterclaim against the plaintiff.   The affirmative defenses and the courterclaims allege

violations of the Federal Fair Housing Act, 42 United States Code §3601, *et seq.* ("FHA") and

violations of the Americans with Disabilities Act, 42 United States Code § 12101, *et seq.* ("ADA"). A copy of the answer, affirmative defenses and counterclaim is attached to this peition as **Exhibit B.**

3.      This notice is timely because it is being filed within thirty (30) days of Ms. Marrone first receiving notice of the amended complaint filed against her -- which is the first and only document ever joining her as a party to this litigation.

4.      A copy of all the pending pleadings are attached to this petition as **Exhibit A** and **Exhibit B**, respectively.

5.      This action is a civil action of which this Honorable Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it arises under federal law, to wit: the FHA and the ADA.

6.      The only other defendant, Mr. Blair, consents to the filing of this petition and joins in the request that this Honorable Court adjudicate the matter.  Because undersigned counsel represents Mr. Blair, it is hereby represented by undersigned counsel that Mr. Blair consents in this petition for removal.

WHEREFORE, Ms. Marrone and the other defendant respectfully request that this matter be removed to the United States District Court for the Southern District of Florida.

THE WOLFF LAW FIRM
1401 East Broward Blvd.
Victoria Park Center, Suite 204
Fort Lauderdale, Florida 33301
Telephone:     (954) 565-5040
Facsimile:     (954) 822-8300

By: _____
CLIFFORD A. WOLFF, ESQ.
Florida Bar Number 0076252

## SERVICE LIST

Whitehall Condo., etc. v. Blair and Marrone

Case No. _____

I certify that a true copy of this document has been furnished to the following individuals on the $\underline{5}$ day of September, 2008:

Christopher Trapani, Esq.
100 Northeast Third Avenue
Suite 280
Fort Lauderdale, Florida 33301
Phone: (954) 522-3636
Facsimile: (954) 522-5199

By: _____
        CLIFFORD A. WOLFF, ESQ.
        Florida Bar Number 0076252

# EXHIBIT A

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

WHITEHALL CONDOMINIUMS OF PINE ISLAND RIDGE II ASSOCIATION, INC.,

CASE NO.:  08-018517 (11)

    Plaintiff,

v.

ERIK WILLIAM BLAIR and MICHELLE MARRONE, HIS WIFE,

    Defendants.

———————————————————————/

## AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, WHITEHALL CONDOMINIUMS OF PINE ISLAND RIDGE II ASSOCIATION, INC. ("Whitehall II"), sues ERIK WILLIAM BLAIR ("Blair") and MICHELLE MARRONE ("Marrone"), his wife, and states as follows:

### I. PARTIES

1. This is an action for temporary and permanent injunctive relief within the jurisdictional authority of this Court.

2. Plaintiff, Whitehall II, is a condominium association as defined under the Florida Condominium Act.

3. Defendant, Blair, is *suri juris*, and a resident of Broward County, Florida.

4. Defendant, Marrone, is *suri juris*, and a resident of Broward County, Florida.

5. Venue for this proceeding properly lies in Broward County, Florida, because Blair and Marrone reside there, and because the cause of action asserted herein accrued there.

H:\LIB\DOCS\23102003\PLDG\IQ7945.DOC

CASE NO.:  08-018517 (11)

## II. BACKGROUND

6.      Blair is the record title holder of that certain condominium parcel of real property located at 1713 Whitehall Drive, Unit 403, Davie, Florida 33324 (hereinafter "Unit").

7.      The condominium of which the Unit is a part is the Whitehall Condominiums of Pine Island Ridge II, and it was created upon the recording of that certain declaration of condominium of Whitehall Condominiums of Pine Island Ridge II ("Whitehall II Declaration of Condominium") in the public records of Broward County, Florida.

8.      Based on the foregoing, Blair is a "Unit Owner" under Florida Statutes Section 718.103(28) of the Florida Condominium Act, and an "Apartment Owner" under the Whitehall II Declaration of Condominium.

9.      Pursuant to Florida Statutes Section 718.303, Blair, as a Unit Owner, is governed by and is required to comply with the provisions of the Florida Condominium Act and the Whitehall II Declaration of Condominium.

10.      Pursuant to Florida Statutes Section 718.104(7), all provisions of the Whitehall II Declaration of Condominium are "enforceable equitable servitudes, run with the land, and are effective until the condominium is terminated."

11.      Article XII of the Whitehall II Declaration of Condominium provides as follows:

### XII. OCCUPANCY AND USE RESTRICTIONS
* * *

D.      Except as provided under the Rules and Regulations promulgated by the Association from time to time, an Apartment Owner shall not keep any pet in his Apartment, nor keep any other animals, livestock or poultry, nor may any of the same be raised, bred or kept upon any portion of the Condominium Property. . . .

A copy of Article XII, Section D of the Whitehall II Declaration of Condominium is attached hereto as *Exhibit "A."*

2

KATZ, BARRON, SQUITERO, FAUST, FRIEDBERG, GRADY, ENGLISH & ALLEN, P.A.
100 N.E. THIRD AVENUE, SUITE 280, FT. LAUDERDALE, FL 33301-1176 • 954-522-3636 • 954-522-5119 FAX

CASE NO.: 08-018517 (11)

12.     The Rules and Regulations of Whitehall II do not permit unit owners to keep a pet in their units. A copy of the applicable portion of the Rules and Regulations is attached hereto as *Exhibit "B."*

13.     In violation of the above-quoted provision of the Whitehall II Declaration of Condominium and Association Rules and Regulations, there is being kept, and maintained from time to time, a dog and perhaps other animals in the Unit, and Blair walks the dog around the common areas of Whitehall II, including the pool area, the area around Whitehall II's office and the elevator in the building where Blair's Unit is located.

14.     Prior to the institution of this action, Whitehall II commenced a mandatory non-binding arbitration action with the State of Florida Department of Business and Professional Regulation, Division of Florida Land Sales, Condominiums, and Mobile Homes, after which the case was referred to mediation.

15.     After a mediation conference was held, the mediator declared an impasse, and the arbitrator entered a Final Order of Dismissal ("Final Order") of the arbitration action. A copy of the Final Order is attached hereto as *Exhibit "C."*

16.     In the Final Order, the arbitrator ruled that Whitehall II is free to seek relief in a court of competent jurisdiction, which relief is expressly permitted under Florida Statutes Section 718.1225(4)(h).

17.     Whitehall II has no adequate remedy at law, and will suffer irreparable injury unless an injunction is issued requiring Blair to remove his pet from his Unit and prohibiting Blair from bringing his current pet, any other pet, or any other animal into his Unit.

18.     Alternatively, to the extent Blair is entitled to keep a pet based on a legally required accommodation for Blair's medical condition as alleged in his arbitration filings, Whitehall II will suffer irreparable injury unless an injunction is issued: (i) restricting the nature and size of the pet

3

KATZ, BARRON, SQUITERO, FAUST, FRIEDBERG, GRADY, ENGLISH & ALLEN, P.A.
100 N.E. THIRD AVENUE, SUITE 280, FT. LAUDERDALE, FL 33301-1176 • 954-522-3636 • 954-522-5119 FAX

CASE NO.:  08-018517 (11)

permitted to be kept in the Unit; (ii) restricting the pet to be kept in the Unit and within an area not greater than 20 feet immediately surrounding the building in which the Unit is located solely for the purpose of "going to the bathroom"; (iii) prohibiting the pet from being brought into or onto Whitehall II's common areas which include, without limitation, the pool area, office area, elevators. and all other common elements, except the stairwells for ingress and egress to Blair's Unit and the restricted area immediately surrounding the building where the Unit is maintained; (iv) requiring Blair to pick up the pet's excrement immediately after it is deposited; and (v) requiring Defendants to obtain, show proof of, and continuously maintain liability insurance relating to keeping the pet in an amount not less than $500,000, or such other amount to be determined by the Court and which names Whitehall II as an additional loss payee.

19.    Upon information and belief, Blair and Marrone were married after the commencement of this action.  Accordingly, Marrone may have acquired a homestead or other ownership interest in the Unit and/or an ownership interest in the pet or other animals being kept there.  Therefore, Marrone has an interest in the outcome of this case and is an indispensable party hereto.

20.    All other conditions precedent to the filing of this lawsuit have occurred, have been performed, or have been waived.

21.    Whitehall II has retained the law firm of Katz Barron Squitero Faust to represent it in this lawsuit and has agreed to pay the law firm a reasonable fee for its services.

22.    Whitehall II is entitled to recover all costs incurred in this matter, including reasonable attorneys' fees, pursuant to Florida Statutes Section 718.303, and the applicable governing documents of Whitehall II.

4

H:\LIB\DOCS\23102003\PLDG\IQ7945.DOC

KATZ. BARRON. SQUITERO. FAUST. FRIEDBERG. GRADY. ENGLISH & ALLEN. P.A.
100 N.E. THIRD AVENUE. SUITE 280. FT. LAUDERDALE, FL 33301-1176 • 954-522-3636 • 954-522-5119 FAX

CASE NO.: 08-018517 (11)

23. Moreover, Whitehall II is entitled to recover all attorneys' fees and costs incurred in the arbitration and mediation proceedings between the parties pursuant to Florida Statutes Section 718.1255(4)(h), and pursuant to its governing documents.

WHEREFORE, the Plaintiff, WHITEHALL CONDOMINIUMS OF PINE ISLAND RIDGE II ASSOCIATION, INC., respectfully requests that this Court enter judgment in its favor and against the Defendants, ERIK WILLIAM BLAIR and MICHELLE MARRONE, his wife, for the following relief:

1. Issuing a mandatory injunction requiring Defendants to remove any and all animals from the Unit;

2. Issuing a mandatory injunction prohibiting Defendants from bringing or otherwise allowing the current pet(s), or any other pet, or any other animal to be brought into the Unit at any time in the future;

3. Issuing a mandatory injunction during the pendency of this case (and to continue thereafter if Defendants are allowed to maintain a pet):

   a. restricting the nature and size of the pet Defendants are is permitted to keep;

   b. restricting the pet to remain in the Unit and, to the extent necessary, to an area not greater than 20 feet immediately surrounding the building in which the Unit is located;

   c. prohibiting the pet from being brought into or onto any of Whitehall II's common areas, including without limitation, the pool area, office area, elevators, and all other areas constituting common elements, except the stairwells required for ingress and egress to the Unit and the restricted area immediately surrounding the building where the Unit is maintained as determined by the Court;

   d. requiring Defendants to pick up the pet's excrement immediately after it is deposited; and

5

KATZ, BARRON, SQUITERO, FAUST, FRIEDBERG, GRADY, ENGLISH & ALLEN, P.A.
100 N.E. THIRD AVENUE, SUITE 280, FT. LAUDERDALE, FL 33301-1176 · 954-522-3636 · 954-522-5119 FAX

CASE NO.: 08-018517 (11)

e.   requiring Defendants to obtain, show proof of, and continuously maintain liability insurance relating to keeping the pet in the amount of $500,000, or such other amount to be determined by the Court and which names Whitehall II as an additional loss payee.

4.   Awarding to Whitehall II its reasonable attorneys' fees and costs incurred in the prosecution of this case;

5.   Awarding to Whitehall II its reasonable attorneys' fees and costs incurred in the arbitration and mediation proceedings between the parties.

6.   Granting such other relief as the Court deems just and proper.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 15th day of August 2008, a true and correct copy of the foregoing was furnished via United States Mail delivery to:

Clifford A. Wolff, Esq.
THE WOLFF LAW FIRM
1401 East Broward Boulevard
Victoria Park Center, Suite 204
Fort Lauderdale, Florida 33301

KATZ BARRON SQUITERO FAUST
*Attorneys for Plaintiff*
100 N.E. Third Avenue, Suite 280
Fort Lauderdale, Florida 33301
Tel.:   (954) 522-3636
Fax:   (954) 522-5119
E-mail: cmt@katzbarron.com

By:   _____
Christopher M. Trapani, Esq.
Florida Bar Number: 865737

6

H:\LIB\DOCS\23102003\PLDG\IQ7945.DOC

KATZ, BARRON, SQUITERO, FAUST, FRIEDBERG, GRADY, ENGLISH & ALLEN, P.A.
100 N.E. THIRD AVENUE, SUITE 280, FT. LAUDERDALE, FL 33301-1176 • 954-522-3636 • 954-522-5119 FAX

## XI   PROVISION FOR APPORTIONMENT OF TAX
## OR SPECIAL ASSESSMENT IF LEVIED AND
## ASSESSED AGAINST THE CONDOMINIUM AS A WHOLE

A.   In the event that any taxing authority having jurisdiction over the Condominium shall levy or assess any tax or special assessment against the Condominium as a whole as opposed to levying and assessing such tax or special assessment against each Apartment and its appurtenant undivided interest in Common Elements, as now provided by law (herein called the "New Total Tax"), then such New Total Tax shall be paid as a Common Expense by the Association, and any taxes or special assessments which are to be so levied shall be included wherever possible in the estimated annual budget of the Association or shall be separately levied and collected as a special assessment by the Association against all of the owners of all Apartments.   Each Apartment Owner shall be assessed by and shall pay to the Association in equal shares the New Total Tax.   In the event that any New Total Tax shall be levied, then the assessment by the Association shall separately specify and identify the portion of such assessment attributable to such New Total Tax and such portion shall be and constitute a lien prior to all mortgages and encumbrances upon any Apartment and its appurtenant undivided interest in Common Elements, regardless of the date of the attachment and/or recording of such mortgage or encumbrances, to the same extent as though such portion of New Total Tax had been separately levied by the taxing authority upon each Apartment and its appurtenant undivided interest in Common Elements.

B.   All personal property taxes levied or assessed against personal property owned by the Association shall be paid by said Association and shall be included as a Common Expense in the annual budget of the Association.

## XII   OCCUPANCY AND USE RESTRICTIONS

A.   The Apartments shall be used for single-family residences only.   No separate part of an Apartment may be rented and no transient (as defined in Chapter 509, Florida Statutes) may be accommodated therein for compensation or commercial purposes.   No Apartment may be rented more than twice in any twelve (12) month period or for a term of less than four (4) months.

B.   An Apartment Owner shall not permit or suffer anything to be done or kept in his Apartment which will increase the insurance rates on his Apartment, the Common Element or any portion of Pine Island Ridge; obstruct or interfere with the rights of other Apartment Owners or the Association; or annoy other Apartment Owners by unreasonable noises or otherwise.   An Apartment Owner shall not commit or permit any nuisance, immoral or illegal act in his Apartment or other portions of the Condominium Property.

C.   An Apartment Owner shall show no sign, advertisement or notice of any type on the Common Elements, other portions of Pine Island Ridge or in or upon his Apartment and shall erect no exterior antennae and aerials upon any portion or part of his Apartment or other portions of the Condominium Property.

D.   Except as provided under the Rules and Regulations promulgated by the Association from time to time, an Apartment Owner shall not keep any pet in his Apartment, nor keep any other animals, livestock or poultry nor may any of the same be raised, bred or kept upon any portion of the Condominium Property.   No clothesline or other similar device shall be allowed in any portion of the Condominium Property.   No trailer, boat, van, camper, truck or commercial vehicle shall be permitted on any

7

BK 11352 PG 369

EXHIBIT
"A"

any portion of the Condominium Property, except for trucks furnishing goods and services during the daylight hours and except as the Association may designate for such use if sny such use is so designated by the Rules and Regulations.

### XIII   PARKING SPACES

A.   There are reflected on the "Survey" for the Condominium, Parking Spaces located upon the Condominium Property. These Parking Spaces shall be used, assigned and reassigned in accordance with the provisions of this Article XIII. The use of a Parking Space shall be an appurtenance to the Apartment to which it is assigned.

B.   Assignment of Parking Spaces

1.   Developer has the right to assign the use of a particular Parking Space to a particular Apartment at the time the Apartment is originally acquired from Developer.   The assignment of use shall be made by describing the particular Parking Space by reference thereto in a document entitled "Assignment of Use of Parking Space" which shall be delivered at the same time as the Special Warranty Deed to the Apartment. The Association shall maintain a book ("Book") for the purpose of listing each assignee of each Parking Space and the transfers thereof. Upon assignment of such Parking Space by Developer, Developer shall cause the Association to record its transfer in the Book, and the Apartment to which its use is assigned shall have the exclusive right to the use thereof. The use of the Parking Space shall thereupon be appurtenant to said Apartment and shall be deemed encumbered by and subject to any mortgage or any claim thereafter encumbering said Apartment.  Upon conveyance or passing of title to the Apartment to which the said assignment of use of Parking Space has been made, the Apartment Owner making the conveyance of title shall execute a notice of transfer to the Association which shall thereupon cause to be executed in the name of the grantee or transferee of such Apartment a new document entitled "Assignment of Use of Parking Space" and record the transfer in the Book.

2.   The Assignment of Use of Parking Space shall be a written instrument signed by any two (2) officers of the Association which shall describe the Parking Space, the use of which is to be assigned, the name of the transferee and the transferee's Apartment number, which shall thereupon be recorded in the Book.

3.   In the event any Parking Spaces have not been assigned to the use of any particular Apartment, such Parking Spaces may be assigned, used or leased on such terms and conditions as the Board may from time to time determine; provided that a portion of the Parking Spaces shall always be kept for providing guest parking.

C.   Restrictions on Separate Transfer of Parking Spaces

1.   The use of a Parking Space may be transferred by an Apartment Owner to another Apartment Owner within the Condominium; provided that the transferor shall execute a written assignment which shall describe the identification number of the Parking Space, the Apartment to which it was appurtenant, the name of the transferee and the transferee's Apartment number and shall furnish the same to the Association which shall record such transfer in the Book.

2.   Notwithstanding any of the provisions contained in subparagraph C.1. of this Article XIII immediately above, the use of a Parking Space which is encumbered by a mortgage shall not be

8

# Whitehall Condominium of Pine Island Ridge II Association, Inc.

## RULES AND REGULATIONS

15.    The Recreation Areas of the Association are solely for the use of Owners, Lessee / Renters, their family members, their invited guests, and their visitors. Regulations governing the use, permitted hours, safety, sanitary provisions, and any other rules for the pertinent matters shall be in accordance with regulations adopted from time to time by the Association and posted in these areas.

16.    Common Areas are that portion of the condominium property, including the land, that is not included in the apartment unit. Common areas shall be used for furnishing services and facilities for which intended. There is to be NO defacing, littering, obstructing, or abusing of the common areas. There shall be no alteration, modifications, decoration, repair, replacement or enclosure change of the common or limited common elements, except that a 2"X 4" door bell may be affixed to the outside of the entrance door of the apartment unit, except with the expressed permission of the Board of Directors.

17.    (A)    An apartment resident shall not keep any pet in the apartment.
       (B)    An apartment unit resident having a pet that was allowed by the developer and was accepted by the Association through "grandfather action", must register the pet by description and photograph with the Association. Any pet so registered cannot be replaced upon the death of the pet or disposal in any other manner or by "off springs."
       (C)    Determination as to whether a violation of this Rule has occurred shall be made solely by the Board of Directors.

18.    DIRECTIVES OF THE BOARD:
       (A)    Children shall not be permitted to play on the walkways, stairs, elevators, and parking areas of the Association. The Board of Directors may from time to time designate specific common areas where children may be allowed to play.

       (B)    Food and beverage may not be prepared or consumed outside of the apartment units, except as may be permitted by the permission of the Board of Directors.

       (C)    No unit owner, lessee / renter, guest, or visitor shall attempt to direct, supervise, or assert control over any employees or contractors of the Association. Neither shall the same attempt to send any such Association employees or contractors on private business in their behalf unless after business hours.

       (D)    When a unit owner is not in residence and is having visitors, they must notify the office by letter stating the name, relationship, length of stay, and if any money is being paid.


EXHIBIT "B"

# EXHIBIT  B

IN THE 17th JUDICIAL CIRCUIT COURT
OF FLORIDA, IN AND FOR BROWARD
COUNTY, FLORIDA

WHITEHALL CONDOMINIUM OF
PINE ISLAND RIDGE II,
ASSOCIATION, INC,

Case No.: 08-018517 (11)

      Plaintiff,

v.

ERIK W. BLAIR, and MICHELLE
MARRONE,

      Defendants.

_____/

## ANSWER AFFIRMATIVE DEFENSES TO AMENDED
## COMPLAINT WITH INCORPORATED COUNTERCLAIM

The defendants, Erik Blair ("Mr. Blair") and Michelle Marrone, ("Ms. Marrone"), by and through undersigned counsel files this answer and these affirmative defenses, and state:

### Answer

1. The allegations of Paragraph 1 are admitted to the extent that a claim for injunctive relief is being brought. The merits of the claim are denied.

2. The allegations are Paragraphs 2 are admitted.

3. The allegations of Paragraph 3 are admitted.

4. The allegations of Paragraph 4 are admitted to the extent that Ms. Marrone is a resident of Broward County, Florida. The general allegation of "sui juris" is denied.

5. The allegations of Paragraph 5 are admitted that the acts giving rise to the cause of action occurred in Broward County. However, venue is more proper in Federal Court, not state court.

6. The allegations of Paragraph 6 are admitted.

7.    The allegations of Paragraph 7 are denied.

8.    The allegations of Paragraph 8 are admitted to the extent that Mr. Blair is a unit owner. The remaining allegations are unknown and thus denied.

9.    The allegations of Paragraph 9 are denied to the extent that federal law permits Mr. Blair to retain a certified therapy animal, despite the documents.

10.    The allegations of Paragraph 10 are admitted to the extent that the verbiage is properly quoted, but the enforceability of such provisions under the circumstances and pursuant to federal law are denied.

11.    The allegations of Paragraph 11 are admitted to the extent that the verbiage is properly quoted, but the enforceability of such provisions under the circumstances and pursuant to federal law are denied.

12.    The allegations of Paragraph 12 are admitted to the extent that the verbiage is properly quoted, but the enforceability of such provisions under the circumstances and pursuant to federal law are denied.

13.    The allegations of Paragraph 13 are denied.

14.    The allegations of Paragraph 14 are admitted, but the import of such allegations is denied because the plaintiff failed to fully and properly participate in arbitration.

15.    The allegations of Paragraph 15 are admitted, but the import of such allegations is denied because the plaintiff failed to fully and properly participate in arbitration.

16.    The allegations of Paragraph 16 are denied.

17.    The allegations of Paragraph 17 are denied.

18. The allegations of Paragraph 18 are admitted to the extent that Mr. Blair is legally entitled to maintain his certified therapy animal is admitted. The remaining allegations are denied.

19. The allegations of Paragraph 19 are admitted to the extent that Mr. Blair and Ms. Marrone are married. The remaining allegations are denied.

20. The allegations of Paragraph 20 are denied.

21. The allegations of Paragraph 21 are unknown and thus denied.

22. The allegations of Paragraphs 22 are denied.

23. The allegations of Paragraph 23 are denied.

24. All "WHEREFORE" clauses, including subparts, are denied.

25. All allegations not specifically admitted are denied.

26. Strict proof of all allegations not specifically admitted is hereby demanded.

## Affirmative Defenses

1. The Federal Fair Housing Act, 42 United States Code §3601, *et seq.* (the "FHA") requires all private, public and semi-private housing to make reasonable accommodations for people with disabilities. Mr. Blair has a long and documented history and medical diagnoses of an emotional and mental disability which requires the use of a certified service animal. The FHA renders the purported restrictions of the plaintiff unenforceable and bars the claim of the plaintiff.

2. The Americans with Disabilities Act, 42 United States Code § 12101, *et seq.*, (the "ADA") prohibits discrimination or restrictions in private, public or semi-private housing when a resident has a physical, emotional or mental disability. Mr. Blair has a long and documented history and medical diagnoses of an emotional and mental disability which requires the use of a

certified service animal. The ADA renders the claims of the plaintiff unenforceable and bars the claim of the plaintiff.

3. The plaintiff's claims are unenforceable based on selective enforcement. Specifically, the plaintiff knowingly permits other "pets", including but not limited to cats, birds, dogs, fish and other animals to remain at the subject condominium. Based on selective enforcement, the provisions of the condominium documents which the plaintiff seeks to enforce are rendered unenforceable.

4. The plaintiff's claims are unenforceable based on waiver. The plaintiff has knowingly and previously permitted other animals to reside (and continue to reside) at the condominium, thus waiving any right to enforce the subject provisions of the condominium documents.

5. The plaintiff's claims are unenforceable based on selective enforcement. Specifically, the plaintiff has attempted to enforce certain provisions of the condominium documents (including obviously a "no pet policy"), but have not attempted to enforce other provisions of the condominium documents. Based on selective enforcement, the provisions of the condominium documents which the plaintiff attempts to enforce are rendered unenforceable.

6. The plaintiff's claims are unenforceable as set forth by the Florida Civil Rights Act of 1992 (the "Florida Act"). Mr. Blair has a long and documented history and medical diagnoses of an emotional and mental disability which requires the use of a certified service animal. The Florida Act renders the claims of the plaintiff unenforceable and bars the claim of the plaintiff.

7. The plaintiff's claims are barred based on unclean hands. The Vice-President of the condominium is Peter Trapani, Sr., the father of counsel for the plaintiff.  Mr. Trapani

simply dislikes Mr. Blair and is a neighbor of Mr. Blair. Mr. Trapani has attempted to intimidate, harass and otherwise use his power as a condominium board member to interfere with the use and enjoyment of the condominium by Mr. Blair. Most recently, Mr. Trapani -- through his son and attorney in this case (Christopher Trapani) -- has accused the certified therapy animal of Mr. Blair to have defecated in a condominium elevator. In point of fact, it was the grandchild of Peter Trapani who defecated in the elevator.

8.    The claims of the plaintiff are barred by the doctrine of laches. The condominium has permitted pets and animals to reside at the condominium for such a long period of time without interference that it would be improper to permit the condominium to now seek enforcement of a provision that went unenforced for such a long period of time.

9.    The claims of the plaintiff are barred for lack of authority. Upon information and belief, it is believed that the board of directors never properly obtained authority to enforce the "no pet" policy at issue. As such, the litigation is unauthorized.

10.    Ms. Marrone is not a unit owner, nor a pet owner, and therefore not subject to the claims being made by the plaintiffs against the defendants.

<u>**Counterclaim**</u>

**General Allegations**

1.    The plaintiff, Whitehall Condominium of Pine Island Ridge II Association, Inc. ("Whitehall") is a Florida corporation doing business in Broward County, Florida.

2.    The defendant, Erik Blair, is a resident of Broward County, Florida.

3.    The defendant, Michelle Marrone, is a resident of Broward County, Florida.

### Count I - Violation of FHA/ADA

4.      This is an action pursuant to the Federal Fair Housing Act, 42 United States Code §3601, *et seq.* (the "FHA") and the Americans with Disabilities Act, 42 United States Code § 12101, *et seq.*, (the "ADA").

5.      This court has subject matter jurisdiction pursuant to 28 U.S.C. 1331, and the plaintiff has engaged in a violation of the FHA and ADA, thus conferring jurisdiction in this federal court.

6.      Mr. Blair has a documented and diagnosed emotional and mental disability.

7.      Mr. Blair has a certified therapy animal to assist him with his daily living activities because of his diagnosed disability.

8.      Mr. Blair advised Whitehall on several occasions of his disability, and even participated in non-binding arbitration to request reasonable accommodations.

9.      Mr. Blair has provided to Whitehall on numerous occasions, on a confidential basis, his medical records confirming that he indeed has a diagnosed disability recognized by the ADA.

10.     Whitehall has consistently denied that Mr. Blair has a disability, and also denied Mr. Blair reasonable accommodations for Mr. Blair in violation of the FHA and ADA.

11.     Whitehall has instead continued to harass, embarrass and intimidate Mr. Blair via the board of directors, the vice-president of that board (Peter Trapani, Sr.), and the attorney for Whitehall (Christopher Trapani, son of Peter Trapani, Sr.).

12.     Whitehall has breached the FHA and ADA by failing to recognize the disability of Mr. Blair, failing to permit the use of a certified therapy animal and by failing to make reasonable accomodations.

13.     Mr. Blair and Ms. Marrone have retained undersigned counsel to represent their interests in this action.

14.     Mr. Blair and Ms. Marrone are entitled to have their attorney fees and costs reimbursed by Whitehall for having to bring this action for a violation of the FHA and the ADA.

WHEREFORE, Mr. Blair and Ms. Marrone seeks a judgment requiring Whitehall to comply with the FHA and the ADA, as well as all attorney fees, costs and other relief this court deems appropriate.

### Demand for Jury Trial

The defendants demand trial by jury on all issues permitted to be tried to a jury as a matter of right and discretion.

### Certificate of Service

I certify that a true copy of this document has been furnished to Christopher Trapani, Esq., 100 Northeast Third Avenue, Suite 280, Fort Lauderdale, Florida 33301 on this _5_ day of September 2008.

> THE WOLFF LAW FIRM
> 1401 East Broward Blvd.
> Victoria Park Center, Suite 204
> Fort Lauderdale, Florida 33301
> Telephone:     (954) 565-5040
> Facsimile:     (954) 827-8300
>
> By: _____
>      CLIFFORD A. WOLFF, ESQ.
>      Florida Bar Number 0076252

**JS 44** (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Whitehall Condo. of Pine Island Ridge II Assoc.

## DEFENDANTS

Erik W. Blair and Michelle Marrone

**(b)** County of Residence of First Listed Plaintiff   Broward, Florida
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed   Broward, Florida
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Chris Trapani, Esq.; 100 NE 3d Ave, Ste. 280
Fort Lauderdale, Florida 33301
(954) 522-3636

Attorneys (If Known)

Clifford A. Wolff, Esq. - The Wolff Law Firm
1401 East Broward Blvd., Suite 204
Fort Lauderdale, FL 33301 - (954) 565-5040

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

*0:08 CV 61439-Martinez-Brown*

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury— | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| | | | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | | ☒ 900 Appeal of Fee |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | | ☐ 870 Taxes (U.S. Plaintiff | Determination |
| ☐ 230 Rent Lease & Ejectment | ☒ 443 Housing/ | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | or Defendant) | Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | | State Statutes |
| | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation |
| ☐ 7 Appeal to District Judge from Magistrate Judgment | |

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Fair Housing Act, 42 U.S.C. §3601, et seq. ; Americans with Disability Act, 42 U.S.C. § 12101, et seq.,

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION DEMAND
UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   09-05-2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

*644161*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CV-61439-JEM

WHITEHALL CONDOMINIUMS OF PINE ISLAND
RIDGE II ASSOCIATION, INC.,

    Plaintiff,

v.

ERIK WILLIAM BLAIR and MICHELLE MARRONE,
His Wife,

    Defendants.

_____/

*Paperless. Granted Plaintiff may have until October*

**PLAINTIFF, WHITEHALL II'S, MOTION FOR ENLARGEMENT OF
TIME TO SUBMIT MEMORANDA OF LAW SUPPORTING
MOTIONS THAT WERE PENDING UPON REMOVAL**

COMES NOW, the Plaintiff, WHITEHALL CONDOMINIUM OF PINE ISLAND RIDGE II,

ASSOCIATION, INC. ("Whitehall II"), by and through its undersigned attorneys, and files this

*Motion For Enlargement of Time to Submit Memoranda of Law Supporting Motions Pending*

*Upon Removal,* and states as follows:

  1.  On or about September 10, 2008, Defendants filed a Petition for Removal of this

action from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida

(State Court Case No. 08-018517 (11)) (D.E. #1).

  2.  Also on September 10, 2008, the Defendants filed a Notice of Removal of this

action. (D.E. #3).

  3.  Rule 7.2 of the Local Rules of the United States District Court for the Southern

District of Florida provides that when a party removes an action and there is a pending motion

for which the moving party has not submitted a memorandum, the moving party shall file a

memorandum in support of its motion within ten (10) days after the filing of the notice of

H:\LIB\DOCS\23102003\PLDG\IT8889.DOC

Case No.: 08-CV-61439-JEM

removal.   Therefore, the deadline for Plaintiff to file its memoranda of law is September 24, 2008.[1]

4.       There are four (4) motions filed by Whitehall II that were pending at the time Defendants' Notice of Removal was filed.

5.       Because of the number of pending motions, and time required to prepare and submit supporting memoranda of law, Whitehall II requests an enlargement of time through October 10, 2008, in which to submit supporting memoranda of law for each of the four pending motions.

WHEREFORE, Plaintiff, WHITEHALL CONDOMINIUMS OF PINE ISLAND RIDGE II ASSOCIATION, INC., respectfully requests that this Court enter an Order granting Plaintiff an extension of time through and including October 10, 2008, in which to submit memoranda of law in support of each of Plaintiff's motions that were pending at the time of the removal of this case. A *Proposed* Order is attached hereto as ***Exhibit "A."***

### CERTIFICATE OF PRE-FILING CONFERENCE

The undersigned counsel for PLAINTIFF, WHITEHALL CONDOMINIUMS OF PINE ISLAND RIDGE II ASSOCIATION, INC., hereby certifies that he has conferred with counsel for the Defendants, who has stated that he has no objection to the relief requested herein.

---

[1]   Taking into account the exclusions for intermediate Saturdays, Sundays and legal holidays for periods less than eleven (11) days pursuant to Rule 6(a)(2), Federal Rules of Civil Procedure.

2

H:\LIB\DOCS\23102003\PLDG\T8889.DOC

Case No.: 08-CV-61439-JEM

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **24th** day of September 2008, a true and correct copy of the foregoing was furnished via notification from the Court's CM/ECF system to:

Clifford A. Wolff, Esq.
THE WOLFF LAW FIRM
1401 East Broward Boulevard
Victoria Park Center, Suite 204
Fort Lauderdale, Florida 33301

KATZ BARRON SQUITERO & FAUST
*Attorneys for Plaintiff*
100 N.E. 3rd Avenue, Suite 280
Fort Lauderdale, Florida 33301
Tel:      (954) 522-3636
Fax:      (954) 522-5119
E-Mail:  cmt@katzbarron.com

By:    _s/Christopher M. Trapani_
          Christopher M. Trapani, Esq.
          Florida Bar No. 865737
          Robert C. Grady, Esq.
          Florida Bar No. 330507

H:\LIB\DOCS\23102003\PLDG\IT8889.DOC

3

KATZ, BARRON, SQUITERO, FAUST, FRIEDBERG, GRADY, ENGLISH & ALLEN, P.A.
100 N.E. THIRD AVENUE, SUITE 280, FT. LAUDERDALE, FL 33301-1176 • 954-522-3636 • 954-522-5119 FAX